■ LUIS DE HOYOS, Appellant, v. STATE OF NEW YORK et al., Respondents. (Claim No. 50825.) — Appeal by claimant from an order of the Court of Claims which denied a motion to vacate a prior order suspending interest on any condemnation award in the action from February 23, 1972. This appropriation action was commenced by the filing of a claim on March 28, 1969. It was reached and called for trial on May 12, 1971. A request for adjournment by claimant's counsel was granted due to the fact that he was engaged in the prosecution of a criminal trial as a part-time Assistant District Attorney. The trial was rescheduled for May 24, 1971 at which time respondents were unavailable and another adjournment was granted. Thereafter, stipulations referring the matter for trial before a Referee were forwarded to counsel but respondents' counsel refused to sign same and the action was remanded to the Trial Calendar. In October of 1971 claimant's appraiser, who had been struck by a brick in a Newburgh riot, was declared physically incapable of participating in the proceedings and testifying at trial. In November claimant's counsel requested a meeting for possible settlement of the claim. However, no definite date for a conference was scheduled and, in the interim, counsel for claimant, who had been appointed Chief Assistant District Attorney of Orange County, was prohibited, as of January 1, 1972, from engaging in the private practice of law. Rather than immediately secure replacements for his attorney and appraiser, claimant, through his secretary, wrote to Presiding Judge Young requesting a pretrial settlement conference in an attempt to settle the claim prior to his having to obtain a reappraisal and retain another attorney at additional expense. In a January 31, 1972 letter to claimant's secretary, Judge Young stated that he would set the case down for a pretrial hearing in about six weeks. On February 14 claimant was advised that the requested pretrial conference had been set for February 23. Claimant promptly notified Judge Young that he would be out of the country during the week of February 22 and requested a postponement until after March 5. On February 18 claimant's attorney of record was notified that the claim was on the calendar to be called on February 23 at 10:00 A.M. and was advised to appear at such time for the purpose of withdrawing from the case. In the same letter he was informed that the court realized that claimant would be out of town at the time, but that the Judge would call the case and at that time a trial date would be set for the future. Claimant did not appear on February 23, nor did his attorney of record. Respondents' motion for suspension of interest on any award was thereupon granted. By letter of February 24, Judge Young notified claimant of a scheduled pretrial conference to be held on March 8. Claimant first learned of the suspension of interest order on March 6. We conclude that, under the circumstances, sufficient good cause was shown by claimant for his failure to appear on February 23. (See Court of Claims Act, § 19, subd. 2.) The matter had been adjourned only once at claimant's request and then for a good reason. Claimant was ready to proceed

to trial until his appraiser became incapacitated and his attorney disqualified. He thereafter made substantial efforts to arrange a pretrial conference to discuss settlement. Since there was confusion, to say the least, as to what was going to happen on February 23, we cannot say that the claim had been definitely set down for trial on February 23, 1972. In our opinion it was an improvident exercise of discretion to deny the motion to vacate the order suspending interest. Order modified, on the law and the facts, so as to grant the motion to vacate the order suspending interest on any award from February 23, 1972, and, as so modified, affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.